## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOSE ANTONIO RIVERA**,

    *Plaintiff,*

    v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**HY CITE ENTERPRISES, LLC,** *and*
**PRIMAVERA FINANCIAL, INC.**
**d/b/a PRIMAHEALTH CREDIT,**

    *Defendants.*

Case No:    8:24-cv-1790

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Jose Antonio Rivera ("Mr. Rivera" or "Plaintiff"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, Experian Information Solutions, Inc. ("Experian"), Hy Cite Enterprises, LLC ("Hy Cite"), and Primavera Financial, Inc., doing business as PrimaHealth Credit ("PrimaHealth") (collectively, the "Defendants"), stating as follows:

## PRELIMINARY STATEMENT

1.    This is an action brought by Mr. Rivera against all Defendants for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2.    Subject matter jurisdiction for Plaintiff's FCRA claims arises under 28 U.S.C. § 1331, as the FCRA is a federal statute.

3.      The Defendants are subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat., and Fed. R. Civ. P. 4(k).

4.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and/ or caused by the Defendants within the Middle District of Florida.

## PARTIES

5.      **Mr. Rivera** is a natural person who at all times relevant has resided in Hillsborough County, Florida.

6.      Mr. Rivera is a *Consumer* as defined by the FCRA,15 U.S.C. § 1681a(c).

7.      **Hy Cite** is a Wisconsin corporation whose Florida registered agent is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

8.      **PrimaHealth** is a Delaware corporation whose Florida registered agent is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

9.      Hy Cite and PrimaHealth are furnishers of information to multiple *Credit Reporting Agencies* ("**CRAs**"), as that phrase is used within the FCRA, 15 U.S.C. § 1681, in that they regularly report account payment and status data on consumer credit accounts.

10.     **Experian** is an Ohio corporation with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

11.     Experian's Florida Registered Agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 32301.

12.    Experian is a CRA within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and use various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

13.    At some point prior to 2023, Experian began maintaining a credit file on Plaintiff.

14.    At some point in 2023 or earlier, Experian began inserting information belonging to another, unrelated individual, who appears to live in Royse City, Texas, into its file on Plaintiff.

15.    Hy Cite and PrimaHealth furnished information to Experian about the individual who lives in Royse City, Texas concerning consumer credit accounts.

16.    Experian incorporated these tradelines into Mr. Rivera's credit file, creating what is generally referred to as a "mixed file."

17.    On information and belief, the mixed file resulted from Experian's reckless and improper methods by which it connects data reported to it by various furnishers and incorporates that data into its files.

18.    Both the Hy Cite and PrimaHealth tradelines were adverse or negative.

19.     Hy Cite reported a credit amount of $1,281 with a balance of $50 past-due and owing, noting the account was "charged off," or charged to profit and loss.

20.     A charged-off account is the most highly derogatory status possible to report to Experian.

21.     PrimaHealth reported a credit limit of $1,964, no recent balance, but reported past-due payments in April and June 2022. *Id.*

22.     Experian requires its furnishers of information, including Hy Cite and PrimaHealth, to conform to Metro 2 credit reporting guidelines.

23.     Metro 2 guidelines require a data furnisher to make monthly updates on all non-$0 balance accounts.

24.     Hy Cite last made a monthly update in January 2023. *Id.*

25.     Nonetheless, Experian continued to include the Hy Cite tradeline in reports it sold about Plaintiff.

26.     In addition to the Hy Cite and PrimaHealth accounts, Experian included the following false addresses in reports regarding Mr. Rivera:

       a.  18948 County Road 541, Royse City, TX 75189-7243;

       b.  594 Ewing Way, Wylie TX 75098-7280;

       c.  1322 Sherrye Dr., Plano, TX 75074-4467;

       d.  8948 County Road Royse City, TX 75189; and,

       e.  1322 Sherrye Dr., Apt B, Plano TX 75074-4442.

27.     Experian also falsely reported that Mr. Rivera's name was "Jose D. Rivera."

28.     Thus, on information and belief, Experian "mixed" Plaintiff with Jose D. Rivera, who lives in Texas.

29.     Plaintiff has never lived in Texas.

30.     Plaintiff has never applied for credit using an address in Texas, or otherwise associated with a Texas address.

31.     Around January 5, 2024, Mr. Rivera needed to finance a car, intended to be his primary means of transportation.

32.     Mr. Rivera applied for financing with Americar, Inc. ("Americar") in Tampa, to finance a 2016 Volkswagen GTI.

33.     Americar, in conjunction with its review of Mr. Rivera's application, requested a consumer report from Experian, concerning Plaintiff.

34.     Americar provided Experian with *Plaintiff's* name, date of birth, address, and Social Security number.

35.     However, rather than furnishing a report containing information about Plaintiff, Experian instead furnished a report about the other individual in in Royse City, Texas.

36.     The report indicated Mr. Rivera already had an existing car loan he was making payments on.

37.     As a result, Americar was unable to secure a loan approval to finance the 2016 Volkswagen at that point in time.

**Mr. Rivera's Disputes**

38.     Around April 2024, Mr. Rivera disputed the Hy Cite and PrimaHealth accounts appearing on his credit report to Experian, stating the accounts did not belong to him.

39.     Experian, upon receipt of Mr. Rivera's disputes, simply sent both Hy Cite and PrimaHealth *Automated Consumer Dispute Verification* Requests ("**ACDVs**") through a system known as e-OSCAR, requesting that Hy Cite and PrimaHealth make reasonable investigations into the disputes.

40.     Hy Cite and PrimaHealth both received notices of dispute from Experian, a CRA, and as such both were required by the FCRA to make reasonable investigations into the disputes. 15 U.S.C. § 1681s-2(b).

41.     The ACDVs received by Hy Cite and PrimaHealth showed Plaintiff, a resident of Tampa, was disputing ownership of an account Hy Cite and PrimaHealth reported as relating to a consumer living in Texas, with a different date of birth and Social Security number.

42.     Both Hy Cite and PrimaHealth verified their reported information was accurate, and, per the ACDV sent to them by Experian, correctly related to Plaintiff.

43.     Neither Hy Cite nor PrimaHealth instructed Experian to report their accounts as "disputed by consumer," despite having clear knowledge the data was disputed by Plaintiff *and appearing in his credit file*.

44.     It is well-established the failure to report a disputed account as disputed can violate 15 U.S.C. § 1681s-2(b), since it would materially affect the way a reader of

the credit report would interpret the information. *See Saunders v. Branch Banking*, 526 F.3d 142 (4th Cir. 2008); *See also Bush v. RoundPoint Mortg. Servicing Corp.*, 122 F. Supp. 3d 1347 (M.D. Fla. 2015) (reiterating the 11th Circuit has a long history of following *Saunders*), *Bauer v. Target Corp.*, 2012 WL 4054296, at *3 (M.D.Fla. Sept. 14, 2012) (reiterating courts in the Eleventh Circuit have followed *Sanders*).

45.     The "investigations" performed by Hy Cite and PrimaHealth were both unreasonable, since a reasonable investigation would have concluded that the data reported did not match Plaintiff's personal identifying information.

46.     In the alternate, Plaintiff had meritoriously asserted the information did not belong in his credit file and thus required updating or modification of reporting to indicate Mr. Rivera disputed this information related to him.

47.     Hy Cite verified its information was "accurate" despite being last updated in January 2023; Hy Cite did not make any attempt to bring its reporting current.

48.     Mr. Rivera made a second dispute to Experian in June 2024, stating there were two accounts on his report that did not belong to him, Hy Cite and PrimaHealth.

49.     However, despite Mr. Rivera clearly articulating he was disputing two accounts, and listing both of them along with the partial account numbers appearing on his report, Experian only initiated a dispute concerning the Hy Cite tradeline.

50.     At no point did Experian inform Mr. Rivera it was not investigating the PrimaHealth tradeline because it believed the dispute to be frivolous.

51.     Rather, Experian simply ignored the meritorious dispute from Mr. Rivera without explanation.

52.     Experian should have been able to determine the Hy Cite and PrimaHealth tradelines were inserted into the wrong credit file.

53.     Rather than correct the issue, Experian simply sent another ACDV to Hy Cite, while ignoring the PrimaHealth dispute completely.

54.     Hy Cite once again received an ACDV which, on information and belief, showed Plaintiff, a resident of Tampa, was disputing ownership of an account Hy Cite reported as relating to a consumer living in Texas, with a different date of birth and Social Security number.

55.     Hy Cite quickly verified its reported information was accurate, and, per the ACDV sent to them by Experian, correctly related to Plaintiff.

56.     Again, Hy Cite failed to instruct Experian to report its account as "disputed by consumer," despite having clear knowledge the data was disputed by Plaintiff and appearing in his credit file.

57.     Mr. Rivera made a third dispute to Experian in July 2024, once again stating there were two accounts on his report that did not belong to him, Hy Cite and PrimaHealth.

58.     For the second time, despite Mr. Rivera clearly articulating he was disputing two accounts, and listing both of them along with the partial account numbers appearing on his report, Experian only initiated a dispute concerning the Hy Cite tradeline.

59.     Once again, at no point did Experian inform Mr. Rivera it was not investigating the PrimaHealth tradeline because it believed the dispute to be frivolous.

60.     Experian simply ignored the meritorious dispute from Mr. Rivera without explanation.

61.     Once again, Experian should have been able to determine the Hy Cite and PrimaHealth tradelines were inserted into the wrong credit file.

62.     Despite being presented with another opportunity to correct the issue, Experian simply sent another ACDV to Hy Cite, and for the second time ignored the PrimaHealth dispute completely.

63.     For the third time, Hy Cite received an ACDV which, on information and belief, showed Plaintiff, a resident of Tampa, was disputing ownership of an account Hy Cite reported as relating to a consumer living in Texas, with a different date of birth and Social Security number.

64.     For the third time, Hy Cite quickly verified their reported information was accurate, and, per the ACDV sent to them by Experian, correctly related to Plaintiff.

65.     For the third time, Hy Cite failed to instruct Experian to report its account as "disputed by consumer," despite having clear knowledge the data was disputed by Plaintiff and appearing in his credit file.

66.     Had Hy Cite reported a Compliance Condition Code ("CCC") indicating "consumer disputes this information," then most commercially-used credit scores, including most versions of FICO®, the most commonly-used credit scores in the USA, would have disregarded the Hy Cite tradeline when computing a score.

67.    Thus, the failure of Hy Cite and PrimaHealth to report their tradelines as disputed materially damaged Mr. Rivera's credit scores.

68.    At no point during its investigations into any of the above disputes did any of the Defendant contact Plaintiff.

## CRA's Investigations Were Not Reasonable

69.    The FCRA requires that each CRA conduct its own investigation of a consumer dispute. 15 U.S.C. § 1681i.

70.    Thus, upon receipt of Mr. Rivera's disputes of the Hy Cite and PrimaHealth tradelines, Experian was legally required to investigate the dispute.

71.    In the instant matter, the dispute of accuracy stemmed from the placement of (presumably) legitimate tradelines belonging to another individual *in the wrong consumer's file.*

72.    Experian was in a much better position to investigate, since it maintained files on both Plaintiff as well as the other consumer to whom the Hy Cite and PrimaHealth tradelines relate.

73.    Indeed, had Experian made even a cursory investigation of its own, it would have quickly found Plaintiff's disputes were meritorious and it could have easily corrected the errors.

74.    Instead, Experian made no independent investigation and sent ACDVs to Hy Cite and PrimaHealth and asked them to determine if Experian had placed the tradelines in the correct consumer's file.

75.     Experian then relied solely upon the ACDVs responses from Hy Cite and PrimaHealth.

76.     Experian's file on Mr. Rivera shows three other Social Security numbers ("SSNs") not belonging to him.

77.     The presence of multiple SSNs and addresses reported simultaneously in different states, should have been enough for Experian to realize it had mixed Plaintiff's file with one (or more) additional individuals.

78.     Experian's dispute resolution systems are heavily tilted in favor of pawning off investigations to its data furnishers.

79.     Its dispute resolution systems also heavily favor accepting the word of their data furnishers, from whom they receive revenue monthly, over that of the consumer's.

**<u>Experian Fails to Use Reasonable Procedures When Compiling Reports</u>**

80.     Experian had a legal obligation to use reasonable procedures to ensure the maximum possible accuracy of its consumer reports they sold on Mr. Rivera. 15 U.S.C. § 1681e(b).

81.     Experian knew, or should have known, the data did not concern Plaintiff, since it reflected a different address, SSN, and address.

82.     Additionally, Hi Cite's tradeline had not been updated for over a year, rendering it woefully non-complaint with Metro 2 guidelines.

83.     Despite this, Experian sold at least 12 reports with the obviously-flawed Hy Cite and PrimaHealth tradelines.

84.     As aforementioned, in at least one instance, Experian sold a report "about" Plaintiff which contained another consumer's credit information, including a car loan tradeline, and no record of the credit inquiry appears on Plaintiff's consumer disclosure.

85.     Plaintiff believes other reports were sold concerning him by Experian which were comprised entirely or partially of another consumer's credit file.

86.     Because no record of the inquiries exist in Plaintiff's Experian file, Plaintiff is unable to determine, prior to the commencement of discovery, how many reports were sold about him which contained another consumer's data.

87.     Around March 30, 2024, Mr. Rivera needed a short-term loan.

88.     Mr. Rivera applied for an installment loan with Opportunity Financial d/b/a OppLoans ("OppLoans"), a Chicago-based lender.

89.     OppLoans obtained Mr. Rivera's credit report from Experian, which included the derogatory credit information from Hi Cite and PrimaHealth.

90.     As a result, OppLoans did offer Mr. Rivera a $1,400 loan – but at a nearly **160%** interest rate, meaning he is required to repay over $4,800 for the short-term, $1,400 loan.

91.     Mr. Rivera has suffered severe emotional distress from continuing to deal with wildly-false credit reports being sold about him, as well as damage to his reputation and an inability to benefit from his good name.

92.     Mr. Rivera has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

## COUNT I
## EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681e(b)

93.     Mr. Rivera hereby incorporates paragraphs 1 – 92 as if fully stated herein.

94.     Experian violated **15 U.S.C. § 1681e(b)** when it failed to use reasonable procedures to assure the maximum possible accuracy of consumer reports sold regarding Mr. Rivera, as it sold at least 12 consumer reports regarding Mr. Rivera which contained information belonging to an unrelated individual and at least one report to Mr. Rivera's potential creditors containing the credit file of the other individual.

95.     Experian has been sued hundreds of times for mixing consumer files and selling reports which contain information on multiple individuals.

96.     Experian's own records showed at least three SSNs not belonging to Plaintiff contained in its file on Mr. Rivera.

97.     Experian's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Rivera.

98.     Accordingly, pursuant to 15 U.S.C. § 1681n, Experian is liable to Mr. Rivera for the greater of his actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Rivera respectfully requests this Honorable Court to enter judgment against Experian for:

a.   The greater of statutory damages of $1,000 per incident or Mr. Rivera's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.   Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d.   Such other relief that this Court deems just and proper.

### COUNT II
### EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681e(b)

**(Pled in the alternative to Count I)**

99.   Mr. Rivera hereby incorporates paragraphs 1 – 92 as if fully stated herein.

100.   Experian owed Plaintiff a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of consumer reports sold regarding Plaintiff.

101.   Experian breached this duty when it sold at least 12 consumer reports regarding Mr. Rivera which contained information belonging to an unrelated individual and at least one report to Mr. Rivera's potential creditors containing the credit file of the other individual.

102.   Experian thus violated 15 U.S.C. § 1681e(b), and pursuant to 15 U.S.C. § 1681o, Experian is liable to Mr. Rivera for his actual damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Rivera respectfully requests this Honorable Court to enter judgment against Experian for:

a.      Mr. Rivera's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.      Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.      Such other relief that this Court deems just and proper.

## COUNT III
## EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681i(a)(1)(A)

103.    Mr. Rivera hereby incorporates paragraphs 1 – 92 as if fully stated herein.

104.    Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed, on at least six separate occasions, to conduct a reasonable investigation into a dispute of the Hy Cite and PrimaHealth tradelines by Mr. Rivera, since any reasonable investigation would have concluded that both accounts did not belong to Mr. Rivera and should no longer report to his credit, as they concerned another unrelated individual.

105.    Experian's conduct was a result of its regular policies and procedures, which outsource investigations to its data furnishers even when the issue is clearly and obviously caused by Experian and well within Experian's ability to resolve independently.

106.    Experian's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Rivera.

107.    Accordingly, pursuant to 15 U.S.C. § 1681n, Experian is liable to Mr. Rivera for the greater of his actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Rivera respectfully requests this Honorable Court to enter judgment against Experian for:

a.      The greater of statutory damages of $1,000 per incident or Mr. Rivera's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.      Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d.      Such other relief that this Court deems just and proper.

**COUNT IV**
**EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681i(a)(1)(A)**

**(Pled in the alternative to Count III)**

108.    Mr. Rivera hereby incorporates paragraphs 1 – 92 as if fully stated herein.

109.    Experian owed Mr. Rivera a legal duty to conduct reasonable investigations upon receiving notice that Mr. Rivera disputed the Hy Cite and PrimaHealth tradelines, at least six separate times.

110.    Experian breached this duty when it failed to conduct a reasonable investigation into a dispute of the Hy Cite and PrimaHealth tradelines by Mr. Rivera, since any reasonable investigation would have concluded that both accounts did not belong to Mr. Rivera and should no longer report to his credit.

111.   Experian therefore negligently violated 15 U.S.C. § 1681i(a)(1)(A) and as a result, pursuant to 15 U.S.C. § 1681o, Experian is liable to Mr. Rivera for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Rivera respectfully requests this Honorable Court to enter judgment against Experian for:

a.   Mr. Rivera's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.   Such other relief that this Court deems just and proper.

## COUNT V
## HY CITE'S WILLFUL VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681s-2(b)

112.   Mr. Rivera hereby incorporates paragraphs 1 – 92 as if fully stated herein.

113.   Hy Cite violated **15 U.S.C. § 1681s-2(b)** when it failed, on at least three separate occasions, to conduct a reasonable investigation after receiving notice of dispute of its reporting from Experian, as any reasonable investigation would have concluded that its reporting could not be verified as accurate, as it did not belong to Plaintiff - the person disputing it.

114.   At a minimum, Hy Cite was aware its tradeline appeared in Plaintiff's file, and that the allegation Mr. Rivera owed the balance or had any relationship to the account was disputed by Mr. Rivera, thus requiring Hy Cite to update and modify its reporting to reflect disclosure of dispute.

115.   Hy Cite's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, even when the information is reporting to another consumer's file.

116.   Hy Cite's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Rivera.

117.   Accordingly, pursuant to 15 U.S.C. § 1681n, Hy Cite is liable to Mr. Rivera for the greater of his actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Rivera respectfully requests this Honorable Court to enter judgment against Hy Cite for:

a.   The greater of statutory damages of $1,000 per incident or Mr. Rivera's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.   Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.   Such other relief that this Court deems just and proper.

## COUNT VI
## HY CITE'S NEGLIGENT VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681s-2(b)

### (Pled in the Alternative to Count V)

118.  Mr. Rivera hereby incorporates paragraphs 1 – 92 as if fully stated herein and pled in the alternative to Count I.

119.  Hy Cite received notice of a dispute at least three separate times from Experian.

120.  Hy Cite owed Mr. Rivera a legal duty to conduct reasonable investigations upon receiving such notice.

121.  Hy Cite breached this duty when it failed, on at least three separate occasions, to conduct a reasonable investigation, as any reasonable investigation would have concluded that its reporting could not be verified as accurate, as it did not belong to Plaintiff, or at a minimum, that Plaintiff disputed Hy Cite's reporting.

122.  Hy Cite therefore negligently violated 15 U.S.C. § 1681s-2(b), and as a result, pursuant to 15 U.S.C. § 1681o, Hy Cite is liable to Mr. Rivera for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Rivera respectfully requests this Honorable Court to enter judgment against Hy Cite for:

a.   Mr. Rivera's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.   Such other relief that this Court deems just and proper.

**COUNT VII**
**PRIMAHEALTH'S WILLFUL VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681s-2(b)**

123.    Mr. Rivera hereby incorporates paragraphs 1 – 92 as if fully stated herein.

124.    PrimaHealth violated **15 U.S.C. § 1681s-2(b)** when it failed, at least once, to conduct a reasonable investigation after receiving notice of dispute from Experian, as any reasonable investigation would have concluded that its reporting could not be verified as accurate, as it did not belong to Plaintiff - the person disputing it.

125.    At a minimum, PrimaHealth was aware its tradeline appeared in Plaintiff's file, and that the allegation Mr. Rivera owed the balance or had any relationship to the account was disputed by Mr. Rivera, thus requiring PrimaHealth to update and modify its reporting to reflect disclosure of dispute.

126.    PrimaHealth's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, even when the information is reporting to another consumer's file.

127.    PrimaHealth's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Rivera.

128.    Accordingly, pursuant to 15 U.S.C. § 1681n, PrimaHealth is liable to Mr. Rivera for the greater of his actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Rivera respectfully requests this Honorable Court to enter judgment against PrimaHealth for:

a.  The greater of statutory damages of $1,000 per incident or Mr. Rivera's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.  Such other relief that this Court deems just and proper.

## COUNT VIII
## PRIMAHEALTH'S NEGLIGENT VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681s-2(b)

**(Pled in the Alternative to Count VII)**

129.  Mr. Rivera hereby incorporates paragraphs 1 – 92 as if fully stated herein and pled in the alternative to Count I.

130.  PrimaHealth received notice of a dispute from Experian in or around April 2024.

131.  PrimaHealth owed Mr. Rivera a legal duty to conduct reasonable investigation upon receiving such notice.

132.  PrimaHealth breached this duty when it failed to conduct a reasonable investigation, as any reasonable investigation would have concluded that its reporting could not be verified as accurate, as it did not belong to Plaintiff, or at a minimum, that Plaintiff disputed PrimaHealth's reporting.

133.    PrimaHealth therefore negligently violated 15 U.S.C. § 1681s-2(b), and as a result, pursuant to 15 U.S.C. § 1681o, PrimaHealth is liable to Mr. Rivera for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Rivera respectfully requests this Honorable Court to enter judgment against PrimaHealth for:

a.    Mr. Rivera's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Rivera hereby demands a trial by jury on all issues so triable.

Respectfully submitted on July 30, 2024, by:

**SERAPH LEGAL, P. A.**

*/s/ Bryan J. Geiger*
Bryan J, Geiger, Esq.
Florida Bar No.: 119168
BGeiger@seraphlegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 306)
Fax: 855-500-0705
*Counsel for Plaintiff*