## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOSE ANTONIO RIVERA,**

    *Plaintiff,*

    **v.**                **Case No. 8:24-cv-01790-SDM-NHA**

**EXPERIAN INFORMATION**
**SOLUTIONS, INC.,**

    *Defendant.*

_____/

## FIRST SUPPLEMENTAL COMPLAINT
## AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Jose Antonio Rivera ("Mr. Rivera" or "Plaintiff"),

by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant,

Experian Information Solutions, Inc. ("Experian"), stating as follows:

## PRELIMINARY STATEMENT

1.    This is an action brought by Mr. Rivera against Experian for violations

of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2.    Subject matter jurisdiction for Plaintiff's FCRA claims arises under 28

U.S.C. § 1331, as the FCRA is a federal statute.

3.    Experian is subject to the jurisdiction of this Court pursuant to § 48.193,

Fla. Stat., and Fed. R. Civ. P. 4(k).

4.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and/ or caused by Experian within the Middle District of Florida.

## PARTIES

5.      Mr. Rivera is a natural person who at all times relevant has resided in Hillsborough County, Florida.

6.      Mr. Rivera is a *Consumer* as defined by the FCRA,15 U.S.C. § 1681a(c).

7.      Experian is an Ohio corporation with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8.      Experian's Florida Registered Agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 32301.

9.      Experian is a CRA within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and use various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

10.      At some point prior to 2023, Experian began maintaining a credit file on Plaintiff.

11. At some point in 2023 or earlier, Experian began inserting information belonging to another, unrelated individual, who appears to live in Royse City, Texas, into its file on Plaintiff.

12. Experian inserted data furnished to it by Hy Cite Enterprises, LLC ("Hy Cite") and Primavera Financial, Inc., ("PrimaHealth") into Plaintiff's credit file.

13. Hy Cite and PrimaHealth furnished information to Experian about the individual who lives in Royse City, Texas, not Plaintiff.

14. Experian incorporated these tradelines into Mr. Rivera's credit file, creating what is generally referred to as a "mixed file."

15. On information and belief, the mixed file resulted from Experian's reckless and improper methods by which it connects data reported to it by various furnishers and incorporates that data into its files.

16. Both the Hy Cite and PrimaHealth tradelines were adverse or negative.

17. Hy Cite reported a credit amount of $1,281 with a balance of $50 past-due and owing, noting the account was "charged off," or charged to profit and loss.

18. A charged-off account is the most highly derogatory status possible to report to Experian.

19. PrimaHealth reported a credit limit of $1,964, no recent balance, but reported past-due payments in April and June 2022. *Id.*

20. Experian requires its furnishers of information, including Hy Cite and PrimaHealth, to conform to Metro 2 credit reporting guidelines.

21.     Metro 2 guidelines require a data furnisher to make monthly updates on all non-$0 balance accounts.

22.     Hy Cite last made a monthly update in January 2023. *Id.*

23.     Nonetheless, Experian continued to include the Hy Cite tradeline in reports it sold about Plaintiff.

24.     In addition to the Hy Cite and PrimaHealth accounts, Experian included the following false addresses in reports regarding Mr. Rivera:

      a.  18948 County Road 541, Royse City, TX 75189-7243;

      b.  594 Ewing Way, Wylie TX 75098-7280;

      c.  1322 Sherrye Dr., Plano, TX 75074-4467;

      d.  8948 County Road Royse City, TX 75189; and,

      e.  1322 Sherrye Dr., Apt B, Plano TX 75074-4442.

25.     Experian also falsely reported that Mr. Rivera's name was "Jose D. Rivera."

26.     Thus, on information and belief, Experian "mixed" Plaintiff with Jose D. Rivera, who lives in Texas.

27.     Plaintiff has never lived in Texas.

28.     Plaintiff has never applied for credit using an address in Texas, or otherwise associated with a Texas address.

29.     Plaintiff, logically, would have a different Social Security number than Jose D. Rivera.

30.    Around January 5, 2024, Mr. Rivera needed to finance a car, intended to be his primary means of transportation.

31.    Mr. Rivera applied for financing with Americar, Inc. ("Americar") in Tampa, to finance a 2016 Volkswagen GTI.

32.    Americar, in conjunction with its review of Mr. Rivera's application, requested a consumer report from Experian, concerning Plaintiff.

33.    Americar provided Experian with *Plaintiff's* Personal Identifying Information ("PII"), including Plaintiff's name, date of birth, address, and Social Security number.

34.    However, rather than furnishing a report containing information about Plaintiff, Experian instead furnished a report about the other individual in Royse City, Texas.

35.    The report indicated Mr. Rivera already had an existing car loan he was actively making payments on.

36.    As a result, Americar was unable to secure a loan approval to finance the 2016 Volkswagen at that point in time.

### Mr. Rivera's Disputes

37.    Around April 2024, Mr. Rivera disputed the Hy Cite and PrimaHealth accounts appearing on his credit report to Experian, stating the accounts did not belong to him.

38.    Experian, upon receipt of Mr. Rivera's disputes, sent both Hy Cite and PrimaHealth *Automated Consumer Dispute Verification* Requests ("**ACDVs**") through a

Page **5** of **21**

system known as e-OSCAR, requesting that Hy Cite and PrimaHealth make reasonable investigations into the disputes.

39.     On information and belief, the ACDVs sent by Experian to Hy Cite and PrimaHealth contained Plaintiff's PII.

40.     Both Hy Cite and PrimaHealth returned the ACDVs, verifying their reported information was accurate, and correctly related to Plaintiff.

41.     However, on information and belief, the ACDV responses returned by Hy Cite and PrimaHealth contained PII belonging to the individual in Texas.

42.     Despite this difference in PII, Experian accepted the ACDV responses and continued to report both accounts on Plaintiff's consumer reports.

43.     Hy Cite verified its information was "accurate" despite being last updated in January 2023; Hy Cite did not make any attempt to bring its reporting current.

44.     Experian accepted the verification despite the outdated information.

45.     Mr. Rivera made a second dispute to Experian in June 2024, stating there were two accounts on his report that did not belong to him, Hy Cite and PrimaHealth.

46.     However, despite Mr. Rivera clearly articulating he was disputing two accounts, and listing both of them along with the partial account numbers appearing on his report, Experian only initiated a dispute concerning the Hy Cite tradeline.

47.     At no point did Experian inform Mr. Rivera it was not investigating the PrimaHealth tradeline because it believed the dispute to be frivolous.

48.     Rather, Experian simply ignored the meritorious dispute from Mr. Rivera without explanation.

49.    Experian should have been able to determine the Hy Cite and PrimaHealth tradelines were inserted into the wrong credit file.

50.    Rather than correct the issue, Experian simply sent another ACDV to Hy Cite, while ignoring the PrimaHealth dispute completely.

51.    Hy Cite once again received an ACDV which, on information and belief, showed Plaintiff, a resident of Tampa, was disputing ownership of an account Hy Cite reported as relating to a consumer living in Texas, with a different date of birth and Social Security number.

52.    Hy Cite quickly verified its reported information was accurate and returned its ACDV response to Experian.

53.    On information and belief, the PII on Hy Cite's ACDV response again failed to match that of the PII submitted along with Plaintiff's dispute.

54.    Despite this, Experian accepted Hy Cite's dispute investigation results and continued to include the Hy Cite account in Plaintiff's consumer reports.

55.    Mr. Rivera made a third dispute to Experian in July 2024, once again stating there were two accounts on his report that did not belong to him, Hy Cite and PrimaHealth.

56.    For the second time, despite Mr. Rivera clearly articulating he was disputing two accounts, and listing both of them along with the partial account numbers appearing on his report, Experian only initiated a dispute concerning the Hy Cite tradeline.

57. Once again, at no point did Experian inform Mr. Rivera it was not investigating the PrimaHealth tradeline because it believed the dispute to be frivolous.

58. Experian simply ignored the meritorious dispute from Mr. Rivera without explanation.

59. Once again, Experian should have been able to determine the Hy Cite and PrimaHealth tradelines were inserted into the wrong credit file.

60. Despite being presented with another opportunity to correct the issue, Experian simply sent another ACDV to Hy Cite, and for the second time ignored the PrimaHealth dispute completely.

61. For the third time, Hy Cite received an ACDV which, on information and belief, showed Plaintiff, a resident of Tampa, was disputing ownership of an account Hy Cite reported as relating to a consumer living in Texas, with a different date of birth and Social Security number.

62. For the third time, Hy Cite quickly verified its reported information was accurate and returned its ACDV response to Experian.

63. For the third time, the PII on Hy Cite's ACDV response failed to match that of the PII submitted along with Plaintiff's dispute.

64. Despite this, Experian once again accepted Hy Cite's dispute investigation results and continued to include the Hy Cite account in Plaintiff's consumer reports.

65. At no point in response to any of Plaintiff's disputes did Experian update either tradeline to reflect "disputed by consumer," despite having clear knowledge the data was disputed by Plaintiff and appearing in his credit file.

66. Had Hy Cite reported a Compliance Condition Code ("CCC") indicating "consumer disputes this information," then most commercially-used credit scores, including most versions of FICO®, the most commonly-used credit scores in the USA, would have disregarded the Hy Cite tradeline when computing a score.

67. Thus, Experian's failure to report the tradelines as disputed materially damaged Mr. Rivera's credit scores.

68. The FCRA requires that each CRA conduct its own investigation of a consumer dispute. 15 U.S.C. § 1681i.

69. Thus, upon receipt of Mr. Rivera's disputes of the Hy Cite and PrimaHealth tradelines, Experian was legally required to investigate the dispute.

70. In the instant matter, the dispute of accuracy stemmed from the placement of (presumably) legitimate tradelines belonging to another individual *in the wrong consumer's file.*

71. Experian maintained files on both Plaintiff and the other consumer to whom the Hy Cite and PrimaHealth tradelines relate.

72. Had Experian made even a cursory investigation into any of Plaintiff's disputes, it would have quickly found Plaintiff's disputes to be meritorious, given the differences in the PII associated with Plaintiff and the disputed accounts.

73.     Instead, Experian made no independent investigation, relying solely on the ACDV responses provided by Hy Cite and PrimaHealth.

74.     Experian did not call, or otherwise contact Plaintiff in conjunction with its investigations.

75.     Experian thus failed to conduct a reasonable investigation into each of Plaintiff's disputes.

76.     Experian's file on Mr. Rivera shows three other Social Security numbers ("SSNs") not belonging to him.

77.     The presence of multiple SSNs and addresses reported simultaneously in different states, should have been enough for Experian to realize it had mixed Plaintiff's file with one (or more) additional individuals.

78.     Experian's dispute resolution systems are heavily tilted in favor of pawning off investigations to its data furnishers.

79.     Its dispute resolution systems also heavily favor accepting the word of their data furnishers, from whom they receive revenue monthly, over that of the consumer's.

## Additional Disputes After July 30, 2024

80.     Plaintiff filed his original Complaint on July 30, 2024.

81.     On or about August 7, 2024, Plaintiff again disputed the Hy Cite and PrimaHealth tradelines to Experian, stating emphatically that the accounts were not his, and even referencing the original Complaint filed should Experian have any questions.

82.    Upon receipt of Plaintiff's disputes, Experian sent ACDVs to both Hy Cite and PrimaHealth.

83.    Hy Cite and PrimaHealth once again verified their reported information as accurate, returning the ACDVs to Experian without so much as updating the accounts to reflect "disputed by consumer."

84.    Experian again did not call, or otherwise contact Mr. Rivera or his counsel, in furtherance of its investigations.

85.    Experian again accepted the investigation results of Hy Cite and PrimaHealth and continued to include both tradeline on reports sold regarding Plaintiff.

### Experian Fails to Use Reasonable Procedures When Compiling Reports

86.    Experian had a legal obligation to use reasonable procedures to ensure the maximum possible accuracy of its consumer reports they sold on Mr. Rivera. 15 U.S.C. § 1681e(b).

87.    Experian knew, or should have known, the data did not concern Plaintiff, since it reflected a different address, SSN, and address.

88.    Additionally, Hy Cite's tradeline had not been updated for over a year, rendering it woefully non-complaint with Metro 2 guidelines.

89.    Despite this, Experian sold at least 12 reports with the obviously-flawed Hy Cite and PrimaHealth tradelines within two years of July 30, 2024.

90.    As aforementioned, in at least one instance, Experian sold a report "about" Plaintiff which contained another consumer's credit information, including a

car loan tradeline, and no record of the credit inquiry appears on Plaintiff's consumer disclosure.

91.    Plaintiff believes other reports were sold concerning him by Experian which were comprised entirely or partially of another consumer's credit file.

92.    Because no record of the inquiries exists in Plaintiff's Experian file, Plaintiff is unable to determine, prior to the commencement of discovery, how many reports were sold about him which contained another consumer's data.

93.    Around March 30, 2024, Mr. Rivera needed a short-term loan.

94.    Mr. Rivera applied for an installment loan with Opportunity Financial d/b/a OppLoans ("OppLoans"), a Chicago-based lender.

95.    OppLoans obtained Mr. Rivera's credit report from Experian, which included the derogatory credit information from Hi Cite and PrimaHealth.

96.    As a result, OppLoans did offer Mr. Rivera a $1,400 loan – but at a nearly **160%** interest rate, meaning he is required to repay over $4,800 for the short-term, $1,400 loan.

97.    Since the filing of his original Complaint, Experian has sold a consumer report to Capital One, N.A.

98.    The report sold to Capital One contained one, or both the Hy Cite and PrimaHealth tradelines, and was thus inaccurate.

99.    Capital One approved Mr. Rivera's application for credit, but on less-favorable terms and with a lower credit limit than it otherwise would have, due to the credit report provided by Experian.

100.    Mr. Rivera has suffered severe emotional distress from continuing to deal with wildly-false credit reports being sold about him, as well as damage to his reputation and an inability to benefit from his good name.

**Experian's Sells Consumer Report Without Permissible Purpose**

101.    On or about November 28, 2024, Plaintiff received notice from Experian indicating "NOWCOM/DALLAS MOTORS LLC" had obtained Plaintiff's Experian credit report for the purpose of evaluating him for an auto loan.

102.    Experian's Notice to Plaintiff provided the following address associated with Dallas Motors LLC: 4121 Forest Ln Unit 100, Garland, TX 75042-6818.

103.    As aforementioned, Mr. Rivera does not live in Texas.

104.    Indeed, Mr. Rivera did not apply for an auto loan with Nowcom on November 28, 2024.

105.    Mr. Rivera did not apply with *anyone* for an auto loan on November 28, 2024.

106.    Garland, Texas is roughly 20 miles from Royce City, Texas.

107.    On information and belief, the consumer with whom Experian has mixed Plaintiff's file applied for the loan with Nowcom, to purchase a vehicle at Dallas Motors LLC.

108.    Due to Experian's mixed file, Experian sold a consumer report regarding Plaintiff to Nowcom, for use by Dallas Motors LLC.

109.    The FCRA limits the purposes pursuant to which a CRA, like Experian, may furnish a consumer report.

110.   No such permissible purpose existed for Experian to sell a consumer report containing *Plaintiff's* information to Nowcom.

111.   As a result of Experian's conduct, an auto dealer in Texas and a lender with whom Plaintiff has no privity, including an unknown amount of employees and/or agents for both, are in possession of Plaintiff's highly personal and confidential information.

112.   Likewise, the person Experian has conflated Plaintiff's file with may now be in possession of Plaintiff's credit report, as it is common practice for car dealerships to share copies of the reports they obtain with the consumer, especially when it contains unexpected information.

113.   Knowing that his information has been provided to individuals to whom he did not authorize it has caused Plaintiff significant anxiety and emotional distress.

114.   Indeed, upon learning that two accounts were on his Experian report which were not his, Plaintiff believed his identity had been stolen.

115.   Learning that his information was now in the hands of an indeterminate number of people has escalated Plaintiff's anxiety and distress.

116.   Mr. Rivera has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

### COUNT I
### EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681e(b)

117.   Mr. Rivera hereby incorporates paragraphs 1 – 116 as if fully stated herein.

118.    Experian violated **15 U.S.C. § 1681e(b)** when it failed to use reasonable procedures to assure the maximum possible accuracy of consumer reports sold regarding Mr. Rivera, as it sold at least 13 consumer reports regarding Mr. Rivera which contained information belonging to an unrelated individual and at least one report to Mr. Rivera's potential creditors containing the credit file of the other individual.

119.    Experian has been sued hundreds of times for mixing consumer files and selling reports which contain information on multiple individuals.

120.    Experian's own records showed at least three SSNs not belonging to Plaintiff contained in its file on Mr. Rivera.

121.    Experian's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Rivera.

122.    Accordingly, pursuant to 15 U.S.C. § 1681n, Experian is liable to Mr. Rivera for the greater of his actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Rivera respectfully requests this Honorable Court to enter judgment against Experian for:

a.    The greater of statutory damages of $1,000 per incident or Mr. Rivera's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT II
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681e(b)

**(Pled in the alternative to Count I)**

123.    Mr. Rivera hereby incorporates paragraphs 1 – 116 as if fully stated herein.

124.    Experian owed Plaintiff a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of consumer reports sold regarding Plaintiff.

125.    Experian breached this duty when it sold at least 13 consumer reports regarding Mr. Rivera which contained information belonging to an unrelated individual and at least one report to Mr. Rivera's potential creditors containing the credit file of the other individual.

126.    Experian thus violated 15 U.S.C. § 1681e(b), and pursuant to 15 U.S.C. § 1681o, Experian is liable to Mr. Rivera for his actual damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Rivera respectfully requests this Honorable Court to enter judgment against Experian for:

a.    Mr. Rivera's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.      Such other relief that this Court deems just and proper.

## COUNT III
## EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681i(a)(1)(A)

127.   Mr. Rivera hereby incorporates paragraphs 1 – 116 as if fully stated herein.

128.   Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed, on at least eight separate occasions, to conduct a reasonable investigation into a dispute of the Hy Cite and PrimaHealth tradelines by Mr. Rivera, since any reasonable investigation would have concluded that both accounts did not belong to Mr. Rivera and should no longer report to his credit, as they concerned another unrelated individual.

129.   Experian's conduct was a result of its regular policies and procedures, which outsource investigations to its data furnishers even when the issue is clearly and obviously caused by Experian and well within Experian's ability to resolve independently.

130.   Experian's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Rivera.

131.   Accordingly, pursuant to 15 U.S.C. § 1681n, Experian is liable to Mr. Rivera for the greater of his actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Rivera respectfully requests this Honorable Court to enter judgment against Experian for:

a.    The greater of statutory damages of $1,000 per incident or Mr. Rivera's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT IV
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681i(a)(1)(A)

### (Pled in the alternative to Count III)

132.    Mr. Rivera hereby incorporates paragraphs 1 – 116 as if fully stated herein.

133.    Experian owed Mr. Rivera a legal duty to conduct reasonable investigations upon receiving notice that Mr. Rivera disputed the Hy Cite and PrimaHealth tradelines, at least eight separate times.

134.    Experian breached this duty when it failed to conduct a reasonable investigation into a dispute of the Hy Cite and PrimaHealth tradelines by Mr. Rivera, since any reasonable investigation would have concluded that both accounts did not belong to Mr. Rivera and should no longer report to his credit.

135.    Experian therefore negligently violated 15 U.S.C. § 1681i(a)(1)(A) and as a result, pursuant to 15 U.S.C. § 1681o, Experian is liable to Mr. Rivera for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Rivera respectfully requests this Honorable Court to enter judgment against Experian for:

a.    Mr. Rivera's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

**COUNT V**
**<u>EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA</u>**
**<u>15 U.S.C. § 1681(b)(a)</u>**

136.    Mr. Rivera hereby incorporates paragraphs 1 – 116 as if fully stated herein.

137.    Experian violated **15 U.S.C. § 1681b(a)** when it sold at least one consumer report regarding Plaintiff, without a permissible purpose, as Experian sold information regarding Plaintiff to a creditor requesting information on a consumer in Texas.

138.    Experian has been placed on notice through at least eight disputes that it had mixed Plaintiff's file with that of another individual.

139.    Experian has been sued dozens of times for mixing the files of multiple consumers and for providing a report containing one consumer's information in response to an inquiry about a different consumer.

140.    Experian's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Rivera.

141.    Accordingly, pursuant to 15 U.S.C. § 1681n, Experian is liable to Mr. Rivera for the greater of his actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Rivera respectfully requests this Honorable Court to enter judgment against Experian for:

a.    The greater of statutory damages of $1,000 per incident or Mr. Rivera's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT VI
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681(b)(a)

### (Pled in the Alternative to Count V)

142.    Mr. Rivera hereby incorporates paragraphs 1 – 116 as if fully stated herein and pled in the alternative to Count I.

143.    Experian owed Mr. Rivera a duty to only sell reports containing his information when it has a permissible purpose to do so.

144.    Experian breached this duty when it sold at least one consumer report containing information regarding Plaintiff in response to an inquiry on a consumer in Texas.

145.    Experian therefore negligently violated 15 U.S.C. § 1681(b)(a), and as a result, pursuant to 15 U.S.C. § 1681o, Experian is liable to Mr. Rivera for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Rivera respectfully requests this Honorable Court to enter judgment against Experian for:

a.    Mr. Rivera's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Mr. Rivera hereby demands a trial by jury on all issues so triable.

Respectfully submitted on December 16, 2024, by:

**SERAPH LEGAL, P. A.**

*/s/ Bryan J. Geiger*
Bryan J, Geiger, Esq.
Florida Bar No.: 119168
BGeiger@seraphlegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 306)
Fax: 855-500-0705
*Counsel for Plaintiff*